Joshua A. Schaul (State Bar No. 251337)
schaul@garveyadam.com
Garvey Adam LLP
19900 MacArthur Boulevard, Suite 530
Irvine, California 92612
714.924.4377

Attorneys for Plaintiff
Dadbod Apparel LLC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dadbod Apparel LLC**, a California limited liability company,<br><br>              Plaintiff,<br><br>    vs.<br><br>**Hildawn Design LLC**, an Ohio limited liability company; **Hilary D. Wertin**, an individual; and **Does** 1 through 10,<br><br>              Defendants. | Case No.<br><br>Complaint For:<br><br>(1) Declaratory Judgment of Non-Infringement;<br><br>(2) Intentional Interference with Prospective Economic Advantage; and<br><br>(3) Violation of Sherman Act, Section 2<br><br>Demand For Jury Trial |

Plaintiff Dadbod Apparel LLC for its complaint against defendants Hildawn Design LLC, Hilary D. Wertin, and Does 1 through 10, alleges as follows:

**THE PARTIES**

1. Plaintiff Dadbod Apparel LLC (hereinafter, "Plaintiff") is a California limited liability company with a principal place of business at 1556 Elk Ravine Way, Roseville, California 92661.

2. Defendant Hildawn Design LLC is, on information and belief, an Ohio limited liability company with a principal place of business at 6334 Ewe Drive, Clinton, Ohio 44216.

3. Defendant Hilary D. Wertin is, on information and belief, the director and registered agent for defendant Hildawn Design LLC, is a resident of and has a place of business in the State of Ohio.

4. Plaintiff lacks the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend its complaint to allege the Does' true names and capacities when they have been ascertained.

5. Plaintiff is informed and believes that each of the Doe defendants is responsible in some manner for the events and happenings alleged herein, including damages. Hereinafter, the named defendants and the Doe defendants are collectively referred to as "Defendants."

6. Plaintiff is informed and believes that each of the Defendants was the agent or employee of each of the remaining Defendants and, at all relevant times herein, acted within the course and scope of such agency and/or employment.

//

## JURISDICTION AND VENUE

7. This action is subject to this Court's jurisdiction pursuant to 15 U.S.C. § 1121(a) (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (any act of congress relating to trademarks), 15 U.S.C. § 2 (monopolizing trade), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

8. This Court also has jurisdiction based upon 28 U.S.C. § 1332 (diversity and amount in controversy in excess of $75,000, exclusive of interest and costs).

9. This Court has personal jurisdiction over Defendants because: 1) each Defendant or their respective agents are doing business in this district and/or purposely directing their activities towards this district; and 2) Plaintiff is informed and believes that a substantial part of the wrongful acts alleged herein occurred in interstate commerce, in the State of California, and in this district.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(d) for this Court has personal jurisdiction over Defendants because: 1) each Defendant or their respective agents are doing business in this district and/or purposely directing their activities towards this district; and 2) Plaintiff is informed and believes that a substantial part of the wrongful acts alleged herein occurred in interstate commerce, in the State of California, and in this district.

## FACTUAL ALLEGATIONS

11. This dispute concerns trademark misuse, intentional interference, attempted monopolization of trade, and other wrongful acts regarding Defendants' purported enforcement of its GIRLDAD trademark.

1   12.  Since 2017 Plaintiff has been actively engaged in the design, manufacture, advertising, distribution, and sale of apparel, including pants, shirts, hats, shorts, sweatshirts, jackets, and accessories.

13.  Plaintiff is the owner of numerous trademarks, and the goodwill symbolized by its marks and the registrations thereof.  To protect Plaintiff's investment in its development of products and goodwill, Plaintiff obtained numerous trademark registrations including specifically U.S. trademarks for DADBOD APPAREL®, registration no. 6077397, DUMBBELLS, DEADLIFTS & DAUGHTERS®, registration nos. 6496550 and 7138473, DAD VIBES®, registration no. 6427449, and KID VIBES®, registration no. 6708288 (collectively, the "DADBOD Trademarks").

14.  Plaintiff uses the DADBOD Trademarks in the advertising and promotion of its apparel and accessories on its dadbodappare.com website as well as online vendors Amazon and Etsy.  By virtue of advertising and promotional services, together with consumer acceptance and recognition, Plaintiff's DADBOD Trademarks identifies Plaintiff's apparel only and distinguishes it from apparel offered by others.  Plaintiff's DADBOD Trademarks have thus become synonymous with Plaintiff and are valuable assets symbolizing Plaintiff, its high quality products, and its goodwill.

15.  Through longstanding, extensive, and exclusive use, Plaintiff's DADBOD Trademarks are distinctive, and Plaintiff enjoys substantial commercial success.  The marks are readily recognized by consumers of quality clothing products and are valuable assets of Plaintiff.

16.  In or about April 2022, Plaintiff introduced a line of apparel and accessories bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad" residing usually inside of a quadrilateral.

The line includes hats, shirts, sweatshirts, vinyl stickers, and flags:






17. At all times relevant to this complaint, Defendants are and have been acutely aware of Plaintiff's business and online s, including specifically the apparel and accessories bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad" on its own website, Amazon, and Etsy.

18. On or about June 23, 2023, then counsel for Defendants sent a Cease and Desist letter to Plaintiff, asserting ownership in a GIRLDAD trademark, registration no. 5192792, and vaguely asserting that on its dadbodapparel.com website Plaintiff "market similar items using the GIRLDAD Trademark." See **Exhibit A** attached hereto and incorporated by reference herein.

19. On July 10, 2023, Plaintiff, through the undersigned counsel, responded to Defendant's letter, seeking clarification as to what use of the

"GIRLDAD" mark offended Plaintiff.  See **Exhibit B** attached hereto and incorporated by reference herein.

20.  On or about August 22, 2023, then counsel for Defendants responded and identified the allegedly offending use, "the parenthetical reference to 'GIRL DAD' when describing the goods being sold on the Dadbod Apparel website."  Defendants neither took issue with nor even mentioned Plaintiff's purely ornamental and decorative slogan "Support Your Local Girl Dad" appearing on apparel and accessories.  See **Exhibit C** attached hereto and incorporated by reference herein.

21.  To appease Defendants, Plaintiff removed "(GIRL DAD)" references from its website and various online stores.

22.  Thinking the matter resolved, Plaintiff focused on preparing for the 2023 holiday sales season, ensuring sufficient inventory was available for its Amazon and Etsy storefronts, including specifically apparel bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad."

23.  Plaintiff is informed and believes, and thereon alleges, that being themselves vendors on Amazon and Etsy, Defendants are acutely aware of the commercial value of a successful holiday sales season. Defendants are also intimately aware of the negative impact allegations of intellectual property infringement can have on a vendor's sales on Amazon and Etsy over the critical few weeks of a holiday season.

24.  On or about November 13, 2023, Defendants initiated the first of several trademark infringement take-down actions against Plaintiff with Amazon and Etsy, asserting infringement of its GIRLDAD trademark.  On or about December 15, 2023, Defendants initiated two take-down actions against Plaintiff on Etsy.  On or about December 27, 2023, Defendants initiated a take-down action against Plaintiff on

1 Amazon.  On or about December 29, 2023, and again on January 4, 2024,
2 Defendants initiated take-down actions against Plaintiff on Etsy.
3 Defendants' take-down actions focused exclusively on Plaintiff's apparel
4 bearing the purely ornamental and decorative slogan "Support Your
5 Local Girl Dad."  See **Exhibit D** attached hereto and incorporated by
6 reference herein.

7      25.  In early December 2023, Plaintiff's counsel reached out to
8 Defendants' then counsel to inquire about the recent take-down actions to
9 try and resolve the matter while the critical sales window in advance of
10 Christmas remained open.  Then counsel informed Plaintiff's counsel it
11 has been replaced and Plaintiff reached out to Defendants' newly
12 appointed counsel.

13      26.  On December 15, 2023, Plaintiff's counsel and Defendants'
14 newly appointed counsel spoke telephonically.  During the
15 teleconference, Plaintiff's counsel explained that the slogan "Support
16 Your Local Girl Dad" appearing Plaintiff's goods would be perceived
17 only as decoration and/or ornamentation, is not source-identifying,
18 would not be perceived as a trademark, and therefore does not infringe
19 Defendants' GIRLDAD mark.

20      27.  Plaintiff is informed and believes, and thereon alleges, instead
21 of addressing the matter Defendants new counsel feigned ignorance
22 about the issues offering instead a hollow promise to follow up with
23 Plaintiff's counsel after speaking with Defendants.  Defendants then filed
24 five of the six take-down notices after counsel spoke.  *Id*.

25      28.  Plaintiff is informed and believes, and thereon alleges, that
26 since November 13, 2023, Defendants, have and continue to conspire to
27 disrupt and frustrate Plaintiff's sales of goods bearing the purely
28 ornamental and decorative slogan "Support Your Local Girl Dad" by

repeatedly submitting fraudulent trademark infringement notices on Amazon and Etsy concerning the alleged infringement of its GIRLDAD trademark.

29. In response to Defendants take-down notices, Amazon and Etsy removed from Plaintiff's storefronts all goods bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad."

30. Plaintiff is informed and believes, and thereon alleges, that Defendants' trademark enforcement scheme is willful and calculated to damage Plaintiff's reputation with Amazon and Etsy and divert sales to Defendants that otherwise would have gone to Plaintiff.

31. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have agreed among themselves to act, and have acted, in concert for the purpose of unfairly injuring, usurping, and appropriating to themselves Plaintiff's business, reputation, and goodwill in one or more of the following ways:

   a. Adopting and implementing a fraudulent trademark enforcement scheme on Amazon and Etsy against Plaintiff concerning the alleged infringement of Defendants' GIRLDAD trademark; and

   b. Continuing to assert its GIRLDAD trademark against Plaintiff's Amazon and Etsy stores, even after Plaintiff's notice that goods bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad" do not constitute trademark infringement.

32. As a result of the actions described above, Plaintiff has lost and is at risk of losing further substantial business. The harm to Plaintiff's business cannot be adequately redressed by damages since Plaintiff's business reputation and the continuing value of the "Support Your Local

Girl Dad" slogan is jeopardized by Defendants' acts. Further, the injury to Plaintiff's reputation will continue to accrue unless and until Defendants are enjoined from enforcing the GIRLDAD mark and/or interfering with Plaintiff's business relationships with Amazon and Etsy.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

33. Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

34. This is an action for a declaratory judgment and further relief against Defendants pursuant to 28 U.S.C. §§ 2201 and 2202.

35. Defendants have accused Plaintiff of trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a).

36. Plaintiff denies Defendants' allegations of trademark infringement as set forth above.

37. Defendants' allegations of infringement pose a threat to Plaintiff's business and have and will continue to harm Plaintiff until such claims are resolved.

38. As a result of the foregoing, an actual case or controversy exists regarding Defendants' allegations of trademark infringement.

39. Plaintiff has no adequate remedy at law and therefore seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 that Plaintiff does not and has not infringed Defendants' GIRLDAD trademark, registration no. 5192792.

40. Plaintiff additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

//
//

## SECOND CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage)**

41. Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

42. A defendant intentionally interferes with a prospective economic advantage where a plaintiff has an existing economic relationship with a third party with the probability of future economic benefit to plaintiff, where the defendant has knowledge of that relationship, where the defendant engages in intentional acts designed to disrupt the relationship, actual disruption of the relationship occurs, and the plaintiff suffers economic harm because of defendant's acts.

43. Plaintiff has a preexisting economic relationship and prior dealings with Amazon and Etsy.

44. A probable future economic benefit to Plaintiff existed insofar as Amazon and Etsy allowed for the advertisement and sale Plaintiff's goods bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad."

45. Defendants were aware of Plaintiff's relationship with Amazon and Etsy to the extent that on or about November 13, 2023, Defendants initiated with Amazon and Etsy the first of at least six trademark infringement take-down actions against Plaintiff, asserting infringement of Defendants' GIRLDAD trademark.

46. Defendants intentionally and maliciously sent the trademark infringement take-down notices to Amazon and Etsy with a clear intent at actual disruption of the economic relationship between Amazon and Plaintiff, and between Etsy and Plaintiff, by knowing Amazon and Etsy would immediately remove Plaintiff's goods bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad" during

the critical holiday sales season.

47. As a result of Defendants' malicious acts, Plaintiff has been harmed. Plaintiff's full realization of its economic relationship with Amazon and Etsy and ability to market and sell goods bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad" has been prohibited by the intentional interference and Plaintiff has been forced to engage legal services related to the allegations in the fraudulent notices.

48. The acts were carried out by Defendants in a malicious, willful, and oppressive manner with the intent to injure and damage Plaintiff, entitling Plaintiff to recover exemplary damages under California Civil Code § 3294. Defendants' decision to intentionally and maliciously send threatening correspondence to prospective economic relationships was done with the intent to injure Plaintiff.

49. Defendants' officers, directors, and managerial and supervisory employees participates in the unlawful conduct as alleged above or had actual knowledge that the above-alleged conduct was unlawful and nevertheless authorized and/or ratified the practices with conscious disregard of the rights and safety of Plaintiff.

## THIRD CLAIM FOR RELIEF
### (Violation of Sherman Act, Section 2)

50. Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

51. Defendants, by virtue of their continued attempts to misuse the GIRLDAD trademark, have purposefully and intentionally attempted to obtain a monopoly in violation Section 2 of the Sherman Acts, 15 U.S.C. § 2.

52. Plaintiff are competitors of Defendants in the apparel market in the United States. Plaintiff has been and is presently engaged in the design, manufacture, advertising, distribution, and sale of apparel and accessories bearing the purely ornamental and decorative slogan "Support Your Local Girl Dad."

53. Defendants have made the improper attempt to enforce the GIRLDAD trademark to knowingly and intentionally eliminate, injure, or destroy competition in the United States for apparel and accessories merely bearing the terms "Girl" and "Dad."

54. Defendants have raised the specter of a dangerous probability of success in driving out competing suppliers, distributors, and sellers in the domestic market for apparel and accessories merely bearing the terms "Girl" and "Dad," thereby damaging, lessening, and injuring competition in that Defendants' frivolous and baseless trademark enforcement is nothing more than economic coercion that will cause Plaintiff to cease doing business in the United States market.

55. Defendants' illicit conduct has directly and proximately caused damage to Plaintiff in a total amount to be proved at trial, but in any event, not less than $ 1 million. Said damages should be trebled pursuant to 15 U.S.C. § 15.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Entering judgment that Plaintiff has not infringed the GIRLDAD trademark, registration no. 5192792;

2. Awarding Plaintiff general, compensatory, and consequential damages in a sum to be proven at trial, but in any event, not less than $ 1

million;

3. Awarding Plaintiff treble damages pursuant to Title 15, United States Code;

4. Finding this to be an exceptional case and awarding Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285 and pursuant to 15 U.S.C. § 15; and

5. Granting such other and further relief as it may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Dadbod Apparel LLC requests a trial by jury on all claims and defenses so triable.

Date:  January 16, 2024          GARVEY ADAM LLP

By:   /s/ *Joshua A. Schaul*
    Joshua A. Schaul
    Attorneys for Plaintiff
    Dadbod Apparel LLC